UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MONTY STILLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-00394-JMS-DLP |
| | ) |
| CITY OF TERRE HAUTE, | ) |
| | ) |
| Defendant. | ) |

**ENTRY**

As the subject of this entry demonstrates, the failure to diligently respond to a discovery request can carry serious consequences. At the final pretrial conference held on March 15, 2019, the Court heard argument on the City of Terre Haute's ("City") Objections to Mr. Stillman's untimely production of evidence concerning his earnings. The parties confirmed that, despite receiving a request for production of the documents on October 23, 2017, Mr. Stillman failed to meaningfully produce evidence to support his lost wage claims until the week before the final pretrial conference—some two and a half months after the close of damages discovery. [Filing No. 16 at 5.] Mr. Stillman has not identified any substantial justification for the failure to supplement his document production until the eve of trial, and the failure was not harmless. Accordingly, the Court **SUSTAINS** the City's Objections to Mr. Stillman's untimely-produced tax transcripts, W-2s, and earnings statements, [Filing No. 82], and will, as set forth below, limit Mr. Stillman's wage claim to damages through the date of his deposition.

**I.**
**BACKGROUND**

On March 15, 2019, the Court held a final pretrial conference in this matter. The Court provided both parties with the opportunity to be heard and present argument on the City's

Objections to the tax and earnings exhibits listed on Mr. Stillman's Amended Final Exhibit List. At the final pretrial conference, the parties confirmed the accuracy of the following facts concerning discovery in this matter.

On October 23, 2017, the City served Mr. Stillman with the following Requests for Production:

> 5. The original or copy (wherein the original is not available) of all of the plaintiff's state and federal income tax returns filed with any taxing authority, including all W-2s forms and 1099 forms and schedules for the past five (5) years.
> . . .
> 18. Any and all exhibits which plaintiff intends to offer or use at the trial at the above-captioned matter, which request is to include items whether real, photographic or documentary, which plaintiff and plaintiff's counsel intend to offer at trial.

[Filing No. 82 at 2.] On November 16, 2017, the Magistrate Judge entered a Case Management Plan ("CMP"), setting forth discovery deadlines to facilitate the efficient and orderly development of this matter. [Filing No. 16.] In relevant part, the CMP provided that damages discovery "shall be completed by December 14, 2018." [Filing No. 16 at 5.]

At some point, Mr. Stillman answered an interrogatory explaining that he did not have the tax documents and would supplement his production upon receipt. But Mr. Stillman never answered Request 5 for tax returns. Rather, the only information the City received concerning Mr. Stillman's earnings from his work after he was terminated by the City came from nonparty productions and Mr. Stillman's April 2018 deposition.

On February 20, 2019, the Court scheduled the final pretrial conference in this matter and ordered the parties to file a trial exhibit list by March 1, 2019, "listing only the exhibits the party anticipates actually presenting at trial." [Filing No. 58 at 2.] The Order further provided that, "[a]bsent consent of the opposing party, no exhibit that has not been previously listed may be included." [Filing No. 58 at 2.] Pursuant to this Order, Mr. Stillman filed his trial exhibit list on

March 1, 2019, [Filing No. 69], and the City duly objected to certain exhibits on March 8, 2019, [Filing No. 72]. Also on March 8, after the City had properly filed its objections to Mr. Stillman's trial exhibit list, and without seeking or obtaining leave of Court, Mr. Stillman filed a new, Amended Final Exhibit List. [Filing No. 77.] This new exhibit list, filed without consent of opposing counsel, listed the following exhibits:

> 27. Plaintiff's tax transcripts for the years 2013 through 2017
> 28. Plaintiff's W-2 for 2018
> 29. Plaintiff's Earnings Statement for 2019

[Filing No. 77 at 3.] These three exhibits had not been produced in discovery or listed on either the preliminary or final exhibit lists required by the CMP, [*see* Filing No. 20; Filing No. 46], or in the trial exhibit list required by the Court's Order scheduling the final pretrial conference, [*see* Filing No. 69].

In addition to not being listed on any exhibit list until a week after the deadline for trial exhibit lists had passed, the parties confirmed at the final pretrial conference that the documents had not been produced to the City until the week before the conference. Following the settlement conference held on March 7, 2019, Mr. Stillman went to the federal building to retrieve the documents and provided them to his counsel, who in turn provided them to the City. The parties also confirmed that, aside from this late production, the only information the City had received regarding Mr. Stillman's income after his termination from the City came from nonparty productions and Mr. Stillman's testimony at his April 2018 deposition. In short, Mr. Stillman confirmed that he had not, prior to the March 2019 disclosures, supplemented his production to fully respond to Request 5 of the City's October 23, 2017 Requests for Production.

The Court advised the parties at the final pretrial conference that it would take the City's Objections to Mr. Stillman's Amended Final Exhibit List under advisement and rule by separate written order. The City's Objections are now ripe for resolution.

## II.
### DISCUSSION

The City objects to the newly-added exhibits on the grounds that they were neither produced until long after discovery closed nor included on any timely-filed exhibit list. [Filing No. 82.] At the final pretrial conference, Mr. Stillman conceded that the exhibits were not timely produced or listed on an exhibit list. However, Mr. Stillman argued that the City would not be prejudiced by the late production because it had the opportunity to depose Mr. Stillman and ask him about his income and because, even if the documents were timely produced, he would have had to supplement his production to make it current through the time of trial. Mr. Stillman also explained that he works six days a week in Indianapolis and is therefore very busy. Finally, Mr. Stillman argued that the newly-produced documents are not complex.

Rule 37(c) provides as follows: "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The relevant cross-reference in this case is Rule 26(e)(1), which provides:

> A party who has made a disclosure under Rule 26(a) [requiring initial disclosures, including "a copy . . . of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims"]—or who has responded to an interrogatory, request for production, or request for admission— must supplement or correct its disclosure or response:
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

Fed. R. Civ. P. 26(e)(1).  The sanction for failure to respond may range from the exclusion of evidence to an array of alternative or additional sanctions, such as an adverse jury instruction or reopening discovery subject to the payment of attorney's fees incurred as a result of the failure to disclose.  Fed. R. Civ. P. 37(c)(1).

Rule 37(c), along with its cross-reference to Rule 26, thus requires a three-step process.  First, the Court must determine whether a party has in fact failed to respond to discovery or supplement an initial disclosure.  Second, the Court must evaluate whether the failure to respond was "substantially justified or is harmless."  *Id.*  Finally, if the failure to respond was not substantially justified or harmless, the Court must impose the appropriate sanction.  *Id.*

First, Mr. Stillman's concessions at the final pretrial conference suffice to establish that he failed to timely respond to the City's Requests for Production.  Furthermore, Mr. Stillman failed to comply with the damages discovery deadline set forth in the CMP and, in disregard of the deadlines set in the Court's Order scheduling the final pretrial conference, belatedly filed an "Amended" exhibit list which included exhibits not previously listed.

Next, the Court must determine whether this failure was substantially justified or is harmless.  A failure to respond may be substantially justified if, for example, the information had been largely disclosed during discovery or was delayed "by a trivial amount of time."  *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758-59 (7th Cir. 2004).  A failure to respond is not justified, however, by the ability of the other party to seek the information through other means, and any claim of justification is further undermined where the producing party "should have known" that the requested information may be "crucial to their case[] and likely to be contested."  *Id.* at 759 (internal quotations omitted).

5

Mr. Stillman set forth several possible justifications at the final pretrial conference: his busy work schedule, the City's ability to question him at his deposition, the unavoidable need for supplementation of records through the time of trial, and the Court's ruling on summary judgment outlining the types of relief available on Mr. Stillman's ADA claim. These claims fall far short of demonstrating a substantial justification. To start with, Mr. Stillman's delay was far from trivial. The City served its request for documents in October 2017 and damages discovery closed on December 14, 2018. The March 2019 production came almost a year and a half after the discovery request and over two and a half months after damages discovery closed. Mr. Stillman's busy schedule may have warranted a brief extension if requested. It does not, however, justify complete nonadherence to court-ordered deadlines in favor of production at a party's convenience.

The other possible justifications fare no better. The need for additional supplementation at or near trial does not obviate the need to comply with discovery deadlines and exhibit list requirements within the original deadlines. The rules require timely production from the onset. Ignoring the initial duty to produce may not be excused by reference to the additional and separate obligation of supplementation. Mr. Stillman's purported concern regarding the summary judgment ruling is misplaced. The untimely-produced evidence is just as relevant for Mr. Stillman's negligence lost wage claim as his ADA claim and, even if the argument had merit, the Court's ruling on summary judgment was issued over a month before Mr. Stillman's belated production. Given that the City requested the documents in October 2017, before the initial pretrial conference, Mr. Stillman was on notice that the City viewed the information as important and subject to dispute. Moreover, the City again raised this issue at Mr. Stillman's deposition, ensuring that both Mr. Stillman and his counsel understood the importance of the earnings information. Finally, the availability of alternative means for the City to acquire the information is insufficient to

demonstrate justification under *Musser*. In short, Mr. Stillman's late production is not substantially justified.

Nor are Mr. Stillman's late responses harmless, despite his suggestion that the documents are not complex and that the City already had the opportunity to ask Mr. Stillman about his income at his deposition. The City is entitled to "an idea of where the [plaintiff's] numbers [are] coming from" and to "investigate and raise arguments against the claimed damages." *Dynergy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 514-15 (7th Cir. 2011). Indeed, that is the whole purpose of discovery: it ensures that civil trials are not "carried on in the dark" and allows "the parties to obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

Mr. Stillman's failure to timely produce the earnings information deprived the City of the opportunity to investigate and challenge his claimed damages, either at the April 2018 deposition or by another appropriate mechanism. The complexity or lack thereof is irrelevant to this point, because even a "simple" record may not tell the whole story upon cross-examination or may necessitate additional follow-up requests. Now there is no time or opportunity for such additional discovery, and the discovery rules prohibit Mr. Stillman from defining the scope of the information available to the City by means of an untimely production. The production, moreover, came just one month before trial. The grievous untimeliness not only impedes the City's ability to obtain the full picture, but also hinders its ability to prepare its defense for trial. Mr. Stillman's failure to timely respond was therefore not harmless.

Finally, because Mr. Stillman failed to timely produce the new tax and earnings records, and because that failure was neither substantially justified nor harmless, the Court must determine the appropriate sanction. An appropriate sanction must be one that is reasonably "proportionate

to the infraction" in light of "all the circumstances," *Sherrod v. Lingle*, 223 F.3d 605, 612 (7th Cir. 2000), which may, in certain circumstances, be a sanction "lighter" than the sanction of exclusion, *Dura Auto. Sys. of Ind., Inc. v. CTS Corp.*, 285 F.3d 609, 616 (7th Cir. 2002). "But this is not such a case" where a lighter sanction could remedy the prejudice to the City. *Dura Auto.*, 285 F.3d at 616. Again, to reiterate, despite an appropriate discovery request served in October 2017, Mr. Stillman did not provide responsive documents until March 2019—just one month before trial. While reopening discovery to allow a defendant to re-depose a plaintiff concerning such documents (subject to fee shifting) could be an appropriate sanction under different circumstances, it is neither a fair nor an equitable sanction given the last-minute production in this case. With just three weeks until trial, reopening discovery would undoubtedly prejudice the City's trial preparation, and that prejudice could not be remedied by shifting attorney's fees.

As the Court observed at the final pretrial conference, the City has followed all of the proper procedures for requesting information concerning Mr. Stillman's wages after he was terminated from the City. Mr. Stillman's extreme delay in providing the required discovery warrants exclusion of the untimely exhibits particularly where he failed to even seek the documents more than a year after the request. His failure to list the exhibits on any exhibit list other than the untimely Amended Final Exhibit List, filed without leave of Court, provides an additional basis for this sanction. Therefore, the Court will **SUSTAIN** the City's Objections to items 27 through 29 of Mr. Stillman's Amended Final Exhibit List and will limit Mr. Stillman's wage claim to damages through April 27, 2018—the date of his deposition, at which the City was able to question Mr. Stillman regarding his earnings. This limitation mitigates the City's inability to meaningfully explore Mr. Stillman's wage claim in light of the belatedly-produced documents and is the last date at which the City arguably had up-to-date information considering his earnings.

# III.
## CONCLUSION

Mr. Stillman's untimely production of his tax and wage documents listed as items 27 through 29 of his untimely Amended Final Exhibit List was neither substantially justified nor harmless. No sanction other than exclusion of the previously-undisclosed exhibits would suffice to mitigate the prejudice to the City this close to trial. Accordingly, the Court **SUSTAINS** the City's Objections [82] and **ORDERS** that Mr. Stillman may not present the excluded exhibits at trial. The Court further **ORDERS** that Mr. Stillman may seek lost wages only through April 27, 2018.

The parties should continue their settlement negotiations with the assistance of the Magistrate Judge.

Date: 3/19/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**